Roseann Simko Wall, ABA #1205040
The Wall Firm, LLC
607 Old Steese Hwy
Suite B – 155
Fairbanks, Alaska 99701
P: (907) 374-9339
E: rsw@thewallfirm.com
Attorney for Defendant Jesus Avitia-Enriquez

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No.: 4:23-CR-00002 RRB SAO |
| vs. | **MOTION TO SUPPRESS** |
| JESUS AVITIA-ENRIQUEZ, and STEVEN KYLE PHILLIPS, Defendants. | |

COMES NOW the defendant, Jesus Avitia-Enriquez, by and through counsel and moves this court for an order suppressing all evidence obtained from the unlawful entry, search and seizure conducted in violation of Mr. Avitia-Enriquez's Fourth Amendment rights. The High Intensity Drug Trafficking Area agents (HIDTA) conducted a warrantless entry into 379 Shannon Drive, Fairbanks, Alaska 99701. This home is owned by the Cartier Family Trust, not the arrestee Michael Meath.[1] The

---

[1] *See* Statutory Warranty Deed for 379 Shannon Dr. (June 12, 2012), *attached as* Exhibit G.

MOTION TO SUPPRESS - 1
*UNITED STATES V. JESUS AVITIA-ENRIQUEZ, AND STEVEN KYLE PHILLIPS,* 4:23 CR-00002 RRB SAO

defendant, Mr. Avitia-Enriquez had been residing at this residence while he did construction work for the owners who were getting ready to sell it. Agents had no authority to enter the premises without a warrant and did so under circumstances which did not fall within any recognized exception to the warrant requirement.

Mr. Avitia-Enriquez accordingly requests that all evidence derived from the warrantless and non-consensual entry be suppressed, and an evidentiary hearing to further support this motion.

The facts and relevant law in support of this motion are outlined as follows.

**I. FACTS**

Once the house was clear, officers began conducting a warrantless search in violation of Mr. Avitia-Enriquez's Fourth Amendment rights.

On January 18, 2021, a grand jury returned an arrest warrant for Michael Meath. Shortly thereafter, on January 25, 2021, investigators observed Meath pull into the driveway of 379 Shannon drive. Meath was driving a blue Dodge ram with a

MOTION TO SUPPRESS - 2
*UNITED STATES V. JESUS AVITIA-ENRIQUEZ, AND STEVEN KYLE PHILLIPS,* 4:23 CR-00002 RRB SAO

trailer in tandem.[2] Meath was packing up the house and agents observed Meath make multiple trips from the house to the truck carrying garbage bags, handbags, and a backpack.[3]

Agents quickly moved in to arrest Meath. When the agents approached the residence to execute the arrest warrant, Meath was exiting the house and walking toward the Dodge Ram.[4] Meath was already in the driver seat of the vehicle when the agents approached him.[5] Meath was arrested and removed from the vehicle. The agents searched the vehicle and recovered a loaded .44 revolver, large amount of currency, heroin, methamphetamine, and fentanyl.[6]

The agents then entered the residence at 379 Shannon without a warrant because the agent "believed additional evidence was [sic] existed in the residence and acting under the knowledge that at least one other adult was present in the house investigators entered the premises to secure tangible property and persons to preserve evidence."[7] Inside the officers observed three individuals: Marc Walhgren, Jesus Avitia-

---

[2] Report of Investigation, Byron Johnson, USDOJ, 1 (March 1, 2021), *attached as* Exhibit A.
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*

MOTION TO SUPPRESS - 3
*UNITED STATES V. JESUS AVITIA-ENRIQUEZ, AND STEVEN KYLE PHILLIPS,* 4:23 CR-00002 RRB SAO

Enriquez, and Steven Philips.[8] The agents conducted a protective sweep, entered through the pad locked French doors to the living room where Mr. Avitia-Enriquez had an expectation of privacy. The house was secured, no one was in the living room and officers began flipping cushions and searching the living area. Officers thereafter called in for a search warrant of 379 Shannon drive in support of their application alleged they observed small pills, spoons with suspected drug residue and small plastic bags in the living room.[9]

It was only after they entered, arrested Mr. Avitia-Enriquez and the others that they observed the items in the house and then applied for a search warrant.[10] Property taken because of the search warrant included "user amounts of drugs," money, miscellaneous documents, cell phones and a video camera.[11] The video camera belonged to Mr. Avitia-Enriquez and was seized because of their warrantless entry. Agents later secured a search warrant to search the video camera.[12]

**II.     ARGUMENT**

---

[7] *See* Application for Search Warrant and Affidavit, Joshua Carr, BN 1257 (5:52pm Jan. 25, 2021), *attached as* Exhibit B.
[8] *Id.*
[9] *Id.*
[10] Exhibit B.
[11] Exhibit B, BN1260.

MOTION TO SUPPRESS - 4
*UNITED STATES V. JESUS AVITIA-ENRIQUEZ, AND STEVEN KYLE PHILLIPS,* 4:23 CR-00002 RRB SAO

### A. The Non-Consensual Warrantless Entry Into The Residence Is Presumed To Be Unconstitutional, Absent An Exception To The Warrant Requirement

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.[13] The physical entry of the home is "the chief evil against which the wording of the Fourth Amendment is directed."[14] Consequently, warrantless searches of the home or the curtilage surrounding the home are "presumptively unreasonable."[15] As an overnight guest, Mr. Avitia-Enriquez has standing to challenge the search warrant and the warrantless entry of the residence.[16]

In this present case, High Intensity Drug Trafficking Area (HIDTA) agents had been tracking another individual, Michael Meath since October 2019.[17] Agents followed Meath to 379 Shannon Drive.[18] Agents secured an arrest warrant for Meath on January 18, 2021. At 1:00pm on January 25, 2021, five armed and uniformed agents watched Meath pull into the driveway at 379 Shannon drive and begin moving his personal belongings from the

---

[12] Search Warrant No. 4:21-mj-00011.
[13] U.S. Const. amend. IV.
[14] *U.S. v. USDC,* 407 U.S. 297, 313 (1972).
[15] *Payton v. New York,* 445 U.S. 573, 586 (1980).
[16] *Minnesota v. Olson,* 495 U.S. 91 (1990).
[17] Exhibit B, BN 1255.

MOTION TO SUPPRESS - 5
*UNITED STATES V. JESUS AVITIA-ENRIQUEZ, AND STEVEN KYLE PHILLIPS,* 4:23 CR-00002 RRB SAO

house to the trailer.[19] Agents that were present included: TFO Byron R Johnson, TFO Nathan Werner, TFO Caleb Reuter, TFO Edward Halbert, SA Joshua Carr.

By 2:45pm, agents had closed in on 379 Shannon drive. Meath was in the driver's seat of his truck when agents approach and arrested him.[20] Agents searched Meath and his truck following his arrest.[21] Within 15 minutes of Meath's arrest, the agents were barging through the front door of the residence.[22] Agents immediately saw and arrested three individuals inside the residence, one of which was Mr. Avitia-Enriquez.

At the time they were making their entry into 379 Shannon drive, the agents did not have a warrant, and no attempts were made to obtain one prior to their entrance. No consent was given by any of the occupants. In such circumstances, the rule is clear: the entry and search of the resident is *per se* illegal unless one of the "narrowly drawn" exceptions to the warrant requirement applies.

> **B. The Warrantless Entry Into 379 Shannon drive Cannot Be Justified Under Any Exception To The Warrant Requirement.**

---

[18] Exhibit C, BN 1338.
[19] *Id.*
[20] *Id.*
[21] Exhibit C.
[22] *Id.*

MOTION TO SUPPRESS - 6
*UNITED STATES V. JESUS AVITIA-ENRIQUEZ, AND STEVEN KYLE PHILLIPS*, 4:23 CR-00002 RRB SAO

The Supreme Court has recognized two general exceptions to the warrant requirement for home searches: exigency and emergency.[23] The "emergency" exception stems from the police officers' "community caretaking functions" and allows them "to respond to emergency situations" that threaten life or limb.[24]

In establishing exigent circumstances, the government's burden is to show that the delay necessary to secure a warrant would create "a substantial risk of harm to the persons involved or to the law enforcement process."[25] This burden must be satisfied by particularized evidence and can not be satisfied by mere speculation that an exigency exists.[26]

Most importantly, to succeed in invoking these exceptions, "the government must . . . show that a warrant could not have been obtained in time."[27]

In the present case, the totality of circumstances fails to support either exception.

### 1. The Exigent *Circumstances* Doctrine Is Inapplicable

---

[23] *U.S. v. Martinez,* 406 F.3d 1160, 1164 (9th Cir. 2005).
[24] *U.S. v. Struckman,* 603 F.3d 731, 738 (9th Cir. 2010) (citations omitted).
[25] *United States v. Nora*, 765 F.3d 1049, 1054 (9th Cir. 2014), *citing Al-Azzawy*, 784 F.2d at 894.

MOTION TO SUPPRESS - 7
*UNITED STATES V. JESUS AVITIA-ENRIQUEZ, AND STEVEN KYLE PHILLIPS,* 4:23 CR-00002 RRB SAO

The presumption against a warrantless entry is overcome only "when"'the exigencies of the situation" make the needs of law enforcement so compelling that [a] warrantless search is objectively reasonable under the Fourth Amendment."' [28] Mere speculation is not sufficient to show exigent circumstances.[29] Rather, "the government bears the burden of showing the existence of exigent circumstances by particularized evidence."[30] This is a heavy burden and can be satisfied "only by demonstrating specific and articulable facts to justify the finding of exigent circumstances."[31]

Here, the agent's justification for the warrantless entrance into the residence was based on items seized during Meath's arrest outside the residence and speculation that additional evidence existed in the residence that needed to be preserved.[32] This was not Meath's home, he had no possessory interest over it, for all any onlookers knew – Meath was helping someone move. Agents claim Meath told them that his

---

[26] *Bailey v. Newland*, 263 F.3d 1022, 1033 (9th Cir. 2001), *citing United States v. Tarazon*, 989 F.2d 1045, 1049 (9th Cir.1993).
[27] United States v. Good, 780 F.2d 773, 775 (9th Cir. 1986).
[28] *Kentucky v. King,* 563 U.S. 452, 460 (2011)(*quoting Mincey v. Arizona,* 437 U.S. 385, 394 (1978)).
[29] *U.S. v. Tarazon,* 989 F.2d 1045, 1049 (9th Cir. 1993).
[30] *Id.*
[31] *LaLonde v. County of Riverside*, 204 F.3d 947, 954 (9th Cir. 2000) (internal quotation marks omitted).

MOTION TO SUPPRESS - 8
*UNITED STATES V. JESUS AVITIA-ENRIQUEZ, AND STEVEN KYLE PHILLIPS,* 4:23 CR-00002 RRB SAO

friend was in the house and to go speak to him.[33] But that does not give agents reason to arrest the house guests and conduct an immediate search. The officers did not hear or see anything suspicious inside the residence to conclude evidence was being destroyed.[34] The arrest warrant for Michael Meath did not extend to a warrantless entry of 379 Shannon drive. Agents were captured rummaging through the house, tossing up couch cushions, and digging through personal belongings on the Mr. Avitia-Enriquez's personal video surveillance, seized by agents during the search.[35] This video took place at exactly 15:24 or 3:24pm; a search warrant for the house was not secured until 5:52pm that day, nearly 2 hours after agents had already begun their

---

[32] Exhibit B, BN 1257.
[33] *Id.*
[34] *See e.g.*, *United States v. Kazuyoshi Iwai*, 930 F.3d 1141, 1144 (9th Cir. 2019) (agent believed noise he heard was suspect destroying evidence); *United States v. Alfonso*, 759 F.2d 728, 742-43 (9th Cir. 1985) (holding that "a 'hurried scuffling noise' coming from the bathroom" of the defendant's hotel room could reasonably indicate imminent destruction of evidence); *United States v. Almonte-Báez*, 857 F.3d 27, 33 (1st Cir. 2017) (holding that exigency due to imminent destruction of evidence existed where "agents knocked on the front door of the apartment and identified themselves, [] heard someone inside the apartment running away from the door," and "noticed that the door was sealed shut"); *United States v. Clement*, 854 F.2d 1116, 1119-20 (8th Cir. 1988) (noting that "essential circumstances included the lack of response at the door after knocking, seeing someone approach the door, look through the peephole and retreat, [] hearing a scrambling noise," and "the gravity of the offense").
[35] Exhibit C, BN 20210125152411.

MOTION TO SUPPRESS - 9
*UNITED STATES V. JESUS AVITIA-ENRIQUEZ, AND STEVEN KYLE PHILLIPS,* 4:23 CR-00002 RRB SAO

raid of 379 Shannon.[36] In the video, agents talk about whether they "checked under the mattress," reminiscing about lessons they learned from a prior residential search.[37] The agents search began before they sought a warrant; that's beyond the scope of any authority to do a protective sweep and prevent spoilation.

This case has less exigent circumstances found to be unacceptable in *United States v. Mendonsa,* where the officers heard only generic nondescript noise and "pointed to no particular type of noise, which would indicate that the occupants were rushing . . . to destroy evidence."[38] Thus, even before they set food inside the residence, the agents lacked probable cause to believe that any crime either had been or was in the process of being committed inside the residence.

In any event, by the time agents approached 379 Shannon drive, there was no indication that any criminal offense whatsoever was being committed. The home surveillance camera shows Mr. Avitia-Enriquez sitting quietly on his couch, writing in what appears to be a journal.[39] Another guy who appears to be

---

[36] Exhibit B, BN 1259.
[37] *Id.*
[38] 989 F.2d 366, 371 (9th Cir. 1993).
[39] Exhibit E, BN 20210125144410.

MOTION TO SUPPRESS - 10
*UNITED STATES V. JESUS AVITIA-ENRIQUEZ, AND STEVEN KYLE PHILLIPS,* 4:23 CR-00002 RRB SAO

Kyle Phillips was sitting quietly on the couch, scrolling through his phone. No noise was heard and no indication of anyone trying to run from the house. When agents barged into the house, there was no indication or evidence of anyone being in distress. Nonetheless, the agents proceeded to conduct what amounted to a full-scale arrest and seizure of the persons located in the residence, including Mr. Avitia-Enriquez as they went from room to room. You can see agents on the video camera entering the living room.[40] Part of the agents' reasoning to enter the residence was because Meath "asked them to make contact with his friend Marc Wahlgren."[41] The agents thereafter used a combination of threats, guns, and physical force to remove everyone inside.

No efforts were made to apply for a warrant before entering the residence, even though at least five agents responded to the house and easily could have kept the area secure while a warrant was being obtained. The home surveillance shows agents and troopers going through, flipping cushions and personal belongings prior to the execution of the search warrant. Taken together, the agents' actions were not

---

[40] Exhibit D.
[41] Exhibit B, BN 1257.

MOTION TO SUPPRESS - 11
*UNITED STATES V. JESUS AVITIA-ENRIQUEZ, AND STEVEN KYLE PHILLIPS,* 4:23 CR-00002 RRB SAO

supported by specific and articulable facts of any criminal activity, much less one which required immediate action.[42]

## 2. The Emergency Aid Doctrine is Inapplicable

The U.S. Supreme Court has recognized that law enforcement may conduct a warrantless entry into a residence where doing so is necessary "to render emergency assistance to an injured occupant or to protect an occupant from imminent injury."[43] The emergency aid exception applies when: "(1) considering the totality of the circumstances, law enforcement had an objectively reasonable basis for concluding that there was an immediate need to protect others or themselves from serious harm; and (2) the search's scope and manner was reasonable to meet the need."[44]

As explained above, the agents who raided 379 Shannon drive did not have an objectively reasonable basis for believing that there was *any* kind of ongoing disturbance to an individual in need of immediate protection taking place inside. The agents had an arrest warrant for Michael Meath, they did not have either an arrest warrant for the occupants of the

---

[42] *Cf. U.S. v. Al-Azzawy,* 784 P.2d 890, 894 (9th Cir. 1985)(affirming warrantless entry unlawful where threat to others no longer existed at the time the officers arrived).
[43] *Brigham City v. Stuart,* 547 U.S. 398, 403 (2006).

MOTION TO SUPPRESS - 12
*UNITED STATES V. JESUS AVITIA-ENRIQUEZ, AND STEVEN KYLE PHILLIPS,* 4:23 CR-00002 RRB SAO

residence or a search warrant to enter the residence and seize the people and items inside. Nowhere in agent Carr's affidavit was there any indication that the basis of his entry to the residence was because an occupant needed assistance.[45] The home video camera which was recording unbeknownst to agents as the entered, arrested, and searched gives the Court a clear picture that there was no emergency entrance here – it was purely unlawful.

In contrast with virtually every case where the emergency aid doctrine has been applied, the agents or troopers did not observe evidence indicating that the persons inside the residence needed immediate assistance and that immediate action was required as a matter of practical necessity.[46]

In *Hopkins v. Bonvicino,* police officers responding to a hit-and-run report broke into the defendant's house with their

---

[44] *U.S. v. Snipe*, 515 F.3d 947, 952 (9th Cir. 2008)(*emphasis added*).
[45] Exhibit B, BN 1256.
[46] *Michigan v. Fisher,* 558 U.S. 45 (2009) (upholding warrantless entry by officers whom after receiving report of a disturbance and directed by passerby to the defendant's address, encountered a crazed, bleeding man barricaded inside his house throwing objects and shouting obscenities); *Brigham City v. Stuart,* 547 U.S. 398, 406 (2006)(officers responding to a noise complaint in the early morning hours could hear "some kind of fight" occurring in the rear of the residence, and observed juveniles drinking beer in the backyard; after entering the backyard to investigate further, they could see another juvenile inside the residence punch an adult in the fact, causing him to spit up blood in the sink).

MOTION TO SUPPRESS - 13
*UNITED STATES V. JESUS AVITIA-ENRIQUEZ, AND STEVEN KYLE PHILLIPS,* 4:23 CR-00002 RRB SAO

guns drawn, placed him in handcuffs and arrested him.[47] They later claimed that they did so because they "feared" he had been on the brink of a diabetic coma.[48] The Ninth Circuit rejected this purported justification, finding it to be baseless, and noted that, "if permitted to serve as the basis for a warrantless home intrusion," it would allow police officers to ignore the Fourth Amendment almost at will.[49] Although diabetic comas were serious, the Court reasoned, there was no objectively reasonable basis for believing that this was indeed the case.[50]

In this case, as in *Hopkins,* it is most striking what the agents <u>did not </u>observe – blood stains, broken or damaged property, unusual noises, shouts or cries for help, a fight in progress, a door left open, persons quickly exiting or entering the residence. Under the circumstances, believing that the occupants inside needed immediate assistance would have been plainly unreasonable.

When officers otherwise lack reasonable grounds to believe that there is an emergency, "they must take additional steps to

---

[47] 573 F.3d 752, 764 (9th Cir. 2009).
[48] *Id.*
[49] *Id.*
[50] *Id.*

MOTION TO SUPPRESS - 14
*UNITED STATES V. JESUS AVITIA-ENRIQUEZ, AND STEVEN KYLE PHILLIPS,* 4:23 CR-00002 RRB SAO

determine whether there is an emergency that justifies entry in the first place."[51] In this case, the agents did not make any such efforts. They did not ask Meath who was under arrest by that time, whether there was anyone in the house in danger. The agents did not ask Marc Wahlgren (Meath's friend) whether there was anyone in danger or a safety concern. The agents did not conduct a search of the surrounding area. The fact that agents specifically directed their attention to the residence within 15 minutes of arresting Meath, strongly suggests that their arrest of Meath at 379 Shannon drive was a mere pretext to justify a warrantless entry.

    C.    **Agents Had No Information To Justify A "Protective Sweep" Of The Home**

In general, law enforcement is allowed to conduct a "protective sweep" of a building incident to arrest of persons in the building.[52] First and foremost, the agents had no basis to arrest anyone other than Michael Meath in this case. The agents simply had no factual basis to enter 379 Shannon drive beyond the public entryway, remain on the property, or go into the house. It was the agent's threats, demeanor, and storming

---

[51] *Hopkins v. Bonvicino,* 573 F.3d 752, 765 (9th Cir. 2009)(*citing* U.S. v. Russell, 436 F.3d 1086, 1092 (9th Cir. 2006).

MOTION TO SUPPRESS - 15
*UNITED STATES V. JESUS AVITIA-ENRIQUEZ, AND STEVEN KYLE PHILLIPS,* 4:23 CR-00002 RRB SAO

of the residence that created the appearance of "danger" in this case.

Second, the agents had no reasonable or articulable reason to fear for their safety from anyone in the residence. When they arrived at 379 Shannon drive, they encountered a completely calm scene. There was no one outside, no one arguing, no one yelling for help, and no sign of distress. The possibility that there could be individuals in a home does not justify the agent's entrance into the home and arrest of everyone in the home.

> **D. Because Mr. Avitia-Enrique's Seizure Occurred Inside The Home For Purposes Of The Fourth Amendment, The Evidence Derived From The Pat-Down Search And Post-Arrest Interrogation and Residence Search Must Be Suppressed**

The Ninth Circuit has repeatedly held that when agents surround a residence and use coercion or subterfuge to compel the resident to exit his home, the seizure constitutes an in-home arrest for purposes of the *Payton* rule.[53]

---

[52] *Maryland v. Buie,* 494 U.S. 325 (1990).
[53] *See e.g. Kirk v. Louisiana,* 536 U.S. 635, 638 (2002)(defendant subjected to warrantless in-home arrest where officers knocked on the door, arrested him and conducted search); *U.S. v. Nora,* 765 F.3d 1049, 1054 (9th Cir. 2014)(officers surrounded the home and ordered defendant to exit at gunpoint); *U.S. v. Al-Azzawy,* 784 F.2d 890, 893 (9th Cir. 1985)(defendant was effectively arrested when police surrounded his trailer "with their weapons drawn and ordered him through a bullhorn

Evidence obtained in violation of *Payton* rule is subject to suppression, regardless whether the search is conducted inside the residence or outside the premises.[54] Here, Mr. Avitia-Enriques was detained and arrested inside the residence he was living in at the time. He was a painter, owned his own contracting company and in exchange for work done to get the house ready for sale, he lived there. In light of the strong protection the Constitution affords the sanctity of the home, Mr. Avitia-Enriquez's detention constituted an in-home seizure and the pat-down search and subsequent search of the residence is the fruit of the poisonous tree.

Similarly, suppression is warranted for Mr. Avitia-Enriquez's post-arrest statements.[55] Over the course of his custodial interview, the agents relied heavily on what they saw when they entered 379 Shannon drive to compel Mr. Avitia to answer their questions. His arrest is clearly visible on video

---

to leave the trailer and drop to his knees"); *U.S. v. Johnson,* 626 F.2d 753, 757 (9th Cir. 1980) aff'd 457 U.S. 537 (1982)(officers conducted non-consensual warrantless entry where they knocked on defendant's door and identified themselves with fictitious names, and defendant invited them inside after seeing they were brandishing handguns).
[54] *U.S. v. Nora,* 765 F.3d 1049, 1057 (9th Cir. 2014) (suppressing evidence from pat-down search of subject arrested following illegal warrantless entry)(*citing Harris,* 495 U.S. at 19).
[55] *Id.* (suppressing defendant's confession made in reliance of evidence obtained following illegal warrantless entry).

MOTION TO SUPPRESS - 17
*UNITED STATES V. JESUS AVITIA-ENRIQUEZ, AND STEVEN KYLE PHILLIPS,* 4:23 CR-00002 RRB SAO

while agents detained and questioned him.[56] Consequently, his post-arrest statements were the product of the illegal warrantless entry and must be suppressed.

**III.     CONCLUSION**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The typical remedy for a Fourth Amendment violation is the exclusion of evidence discovered because of that violation from criminal proceedings against the defendant.[57] The exclusionary rule encompasses evidence directly "seized during an unlawful search" as well as "[e]vidence derivative of a Fourth Amendment violation—the so- called 'fruit of the poisonous tree.'"[58] The "fruit of the poisonous tree" doctrine does not require a particularly tight causal chain between the illegal search and the discovery of the evidence sought to be suppressed.[59] The government has the

---

[56] Exhibit F, BN 20210125153912.
[57] *Wong Sun v. United States*, 371 U.S. 471, 484-86 (1963).
[58] *United States v. Gorman*, 859 F.3d 706, 716 (9th Cir. 2017) (*quoting Wong Sun*, 371 U.S. at 484, 488).
[59] *United States v. Ngumezi*, 980 F.3d 1285, 1291 (9th Cir. 2020).

MOTION TO SUPPRESS - 18
*UNITED STATES V. JESUS AVITIA-ENRIQUEZ, AND STEVEN KYLE PHILLIPS,* 4:23 CR-00002 RRB SAO

Case 4:23-cr-00002-RRB   Document 55   Filed 10/10/23   Page 18 of 19

burden to show that the evidence is not "the fruit of the poisonous tree." [60]

As a result of the initial unlawful entry into the residence, from which the subsequent search warrants and seizure of the SD Card was derived, all evidence obtained including the videos must be suppressed.

DATED this 10th day of October, 2023.

/s/ Roseann S. Wall

Roseann S. Wall, ABA # 1205040

Certificate of Service:

I certify that on October 10, 2023,
a copy of the foregoing document,
with attachments, was served
electronically on:

Carly Vosacek, Assistant U.S. Attorney- Carly.Vosacek@usdoj.gov

Richard A. Smith - Smith Law Firm smithone@house314.com
/s/ *Roseann S. Wall*

---

[60] *United States v. Johns*, 891 F.2d 243, 245 (9th Cir. 1989) (*quotations omitted*).

MOTION TO SUPPRESS - 19
*UNITED STATES V. JESUS AVITIA-ENRIQUEZ, AND STEVEN KYLE PHILLIPS,* 4:23 CR-00002 RRB SAO